IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONTAE JONES,**

    **Petitioner,**

**v.**                                                          **Civil Action No. 1:12cv165**
                                                                                 **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On October 25, 2012, the *pro se* petitioner filed a petition under 28 U.S.C. § 2241, challenging the use of two state court felony convictions as predicate offenses to trigger a sentencing enhancement for his federal firearms offense. Along with his petition, he filed a motion to proceed as a pauper. On November 5, 2012, petitioner's motion to proceed *in forma pauperis* ("IFP") was granted. Petitioner paid the required filing fee on November 29, 2012. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 1 and 2.

### I. Factual and Procedural History

On June 18, 2009, petitioner signed a plea agreement, agreeing to waive indictment and plead guilty to a single count criminal information charging him with possession of a firearm, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code. Section 922(g)(l). On June 30, 2009, petitioner entered his plea in open court in the U.S. District Court for the Eastern District of Virginia. On September 25, 2009, petitioner was sentenced to seventy (70) months

imprisonment; to be followed by three years supervised release with special conditions; a $100 special assessment; and forfeiture of a number of firearms and certain ammunition.

Petitioner did not appeal his conviction, nor did he pursue habeas corpus relief via 28 U.S.C. §2255.

On August 31, 2012, petitioner filed a Motion to Correct Illegal Sentence, pursuant to Fed. R. Crim. Pro. 35 in his sentencing court, raising much the same argument as he is raising in the instant petition. The Government has not yet responded to the motion and no decision has been rendered.[1]

## II. Claims Raised by the Petitioner

The petitioner attacks the validity of his sentence, asserting one ground for relief: that two prior state convictions for which he was not incarcerated were used to trigger a sentencing enhancement for his federal firearms offense. He argues that because he did not serve a sentence of one year and a day, the convictions were merely misdemeanors. Petitioner cites to Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), in support of his argument.

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that

> [d]uring the initial plea and sentence the Petitioner was lead to believe he was a "felon" but has learned from the U.S. Supreme Court and the Fourth Circuit Court of Appeals that he is not a felon. The plea and sentence in this case is since 2009 which time has expired [sic] and the §2255 is inadequate and ineffective herein. Habeas is the proper vehicle.

Dkt.# 1 at 10.

---

[1] Inexplicably, in his form complaint, petitioner asserts that this motion has been denied. (Dkt.# 1 at 5).

As relief, he requests "a legal sentence without being a "felon". [sic] I seek a sentence of a first offender herein." (Id. at 9).

### III. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

Jones, 226 F.3d at 333-34.

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3

In this case, petitioner is not challenging the execution of his sentence, but instead he is challenging the imposition of his sentence. Specifically, he is alleging that two prior state convictions for which he was not incarcerated, but rather, only given suspended sentences, were wrongly used as predicate offenses to trigger a sentencing enhancement for his federal firearms offense.

Although the petitioner implicitly raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of <u>Jones</u>, violations of Title 18, United States Code, Section 922(g)(l) remains a criminal offense, and therefore the petitioner cannot satisfy the second element of <u>Jones</u>. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by December 31, 2012**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 17, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE